UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAVIER PEREZ, | ) | Case No. CV 09-1819 JC |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

**I.  SUMMARY**

On March 18, 2009, plaintiff Javier Perez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 25, 2009 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 17, 2006, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 22). Plaintiff asserted that he became disabled on March 10, 2006, due to attempted suicide, depression, pain in feet, shortness of breath, and blackouts. (AR 133). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on January 8, 2008. (AR 35-68).

On January 24, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 22-34). Specifically, the ALJ found: (1) plaintiff suffered from the following severe combination of impairments: asthma, hypertension, and history of drug and alcohol abuse with history of one alcohol induced seizure, and history of drug and alcohol induced mood disorder (AR 25); (2) plaintiff would continue to suffer from a severe impairment or combination of impairments if he discontinued substance use (AR 29); (3) plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals one of the listed impairments (AR 25); (4) if plaintiff discontinued substance use he would not suffer from an impairment or combination of impairments that would meet or medically equal any of the listed impairments (AR 30); (5) plaintiff retained the residual functional capacity to perform sedentary work except that he could not perform even 'low stress' work"

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

(AR 26); (6) if plaintiff discontinued substance use he would have the residual functional capacity to perform medium work with certain restrictions (AR 30);[2] (7) plaintiff had no past relevant work (AR 28); (8) considering, among other things, plaintiff's substance use disorders, there were no jobs that exist in significant numbers in the national economy that plaintiff could perform; but (9) if plaintiff discontinued substance use there would be a significant number of jobs in the national economy that plaintiff could perform (AR 33).

The Appeals Council denied plaintiff's application for review. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

---

[2] More specifically, the ALJ determined that plaintiff "would have the residual functional capacity to perform medium work except he would be unable to walk uneven terrain or balance more than occasionally, he would be unable to climb ladders, ropes and scaffolds or to work around unprotected heights or dangerous moving machinery, and he would need to avoid concentrated exposure to respiratory irritants." (AR 30).

    (2)    Is the claimant's alleged impairment sufficiently severe to limit his ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform his past relevant work?[3]  If so, the claimant is not disabled.  If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

    If the ALJ determines that a claimant is disabled and there is medical evidence that the claimant suffers from drug addiction or alcoholism, the regulations dictate that the ALJ conduct a drug and alcohol analysis ("DAA") to determine whether such disorder is a contributing factor material to the determination of disability and the extent to which a claimant's identified limitations would remain if the claimant stopped using drugs or alcohol.  See 20 C.F.R. § 416.935(b).  If the remaining limitations would be disabling, the claimant's substance abuse is not a contributing factor material to his disability.  If the remaining limitations would not be disabling, then the claimant's substance

---

[3]Residual functional capacity is "what [one] can still do despite [one's] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. § 416.945(a).

abuse is material and benefits must be denied.  See 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."); 20 C.F.R. § 416.935(b); see also Parra v. Astrue, 481 F.3d 742, 746-47 (9th Cir. 2007) (discussing same), cert. denied, 552 U.S. 1141 (2008); Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001) (DAA must be conducted after an initial finding of disability under the sequential evaluation process).

### B.   Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

### IV.   DISCUSSION

Plaintiff essentially contends that the ALJ erred in determining that alcohol abuse is a contributing factor material to his disability.  More specifically, plaintiff

argues that the ALJ erred in rejecting without explanation the alleged opinion of a treating physician, Dr. Kouros, that plaintiff suffers from a disabling anxiety disorder "separate and apart from continued alcohol abuse." (Plaintiff's Motion at 8). Plaintiff's contention lacks merit.

     Dr. Kouros is a family physician who reportedly treated plaintiff for pain and hypertension. (Plaintiff's Motion at 7) (citing AR 202). Dr. Kouros was aware of plaintiff's history of drug and alcohol abuse and of his participation in a substance abuse treatment program. (AR 205). On October 26, 2007, Dr. Kouros completed a "Physical Residual Functional Capacity Questionnaire." (AR 278-82). He opined that plaintiff was unable to perform even "low stress" work. (AR 280-82). Dr. Kouros noted that plaintiff's diagnoses included "anxiety, psoriasis, [and] [alcohol and intravenous drug abuse]" and that his symptoms included "anxiety, chronic pruritis, slurred speech, [and] absent-minded[ness]." (AR 278). He indicated that "these conditions would produce anxiety attacks" and that plaintiff could not "cope with his existing mental delay status." (AR 279). Plaintiff reads these statements as indicating that "Dr. Kouros stated that [plaintiff] suffers from anxiety separate and apart from continued alcohol abuse," and therefore faults the ALJ for failing to find that "anxiety even absent alcohol abuse would render [plaintiff] disabled." (Plaintiff's Motion at 8, 10). The Court disagrees with plaintiff's characterization of Dr. Kouros's statements. It is far from clear that Dr. Kouros believed plaintiff would be disabled "separate and apart from continued alcohol abuse." Dr. Kouros diagnosed plaintiff with drug and alcohol abuse and noted that plaintiff's "conditions would produce anxiety." (AR 278-79). Nowhere did Dr. Kouros state that plaintiff's anxiety was unrelated to his drug and alcohol abuse. (AR 278-82). A much more natural reading of Dr. Kouros's statements indicates that he believed plaintiff's drug and alcohol abuse was among the "conditions [that] would produce anxiety." (See AR 278, 282). Because Dr. Kouros did not opine that plaintiff suffered from disabling limitations

absent his drug and alcohol abuse, the ALJ did not err by failing to provide reasons for rejecting this supposed opinion.

Indeed, the ALJ properly relied on the record as a whole to determine that plaintiff's substance abuse is a contributing factor material to his disability. The ALJ cited a consultative psychiatric examination resulting in diagnoses of (1) alcohol and opioid dependence and (2) alcohol and opioid-induced psychotic disorder with hallucinations and mood disorder (AR 27) (citing Exhibit B-3F [AR 166-69]); a consultative physical examination assessing plaintiff with the residual functional capacity to perform medium work with certain limitations (AR 26-27) (citing Exhibit B-7F [AR 161-65]); reports from plaintiff's methadone clinic that plaintiff had been using alcohol (AR 27) (citing Exhibit B-7F [AR 195, 216, 217]); and plaintiff's statements to physicians that he had been consuming up to six drinks per day as recently as September 2006 and three to four drinks per day as of January 2007 (AR 27-28) (citing Exhibits B-7F, B-8F [AR 195, 259-60]). No medical source opined that plaintiff would suffer from disabling impairments absent his drug and alcohol addiction. Substantial evidence supports the ALJ's determination that substance abuse is a contributing factor material to plaintiff's disability.[4]

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 12, 2010

                                               /s/
                             Honorable Jacqueline Chooljian
                             UNITED STATES MAGISTRATE JUDGE

---

[4] Moreover, it is plaintiff's burden to prove that drug or alcohol addiction is not a contributing factor material to his disability – a burden he did not meet in this case. Parra, 481 F.3d at 748.